# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION

| | |
|---|---|
| PHILADELPHIA INDEMNITY INSURANCE COMPANY | PLAINTIFF |
| v. | No. 3:18-cv-847-BJB |
| NECCO HOLDING COMPANY I, INC. | DEFENDANT |

\*\*\*\*\*

## MEMORANDUM OPINION & ORDER

Defendants Billy Embry-Martin and Travis Embry-Martin moved to withdraw (DN 48) their admission that they were not "volunteer worker(s)" under the terms of the insurance policy.

Federal Rule of Civil Procedure 36(b) states that such an admission "conclusively establishe[s]" the fact admitted, but authorizes a court to permit withdrawal or amendment if that would "promote the presentation of the merits of the action" and if the court is "not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits."

The first requirement is satisfied "when upholding the admission would practically eliminate any presentation on the merits of the case." *Riley v. Kurtz*, 194 F.3d 1313, \*3 (6th Cir. 1999). The complaint describes the insurance-policy provision at issue as covering both "employees" and "volunteer workers" for "acts within the scope of their employment" by the insured entity. Complaint (DN 1) ¶ 33. The Embry-Martins' admission that they were *not* volunteer workers strikes at the heart of that issue and could foreclose a merits determination at least with respect to the "volunteer" aspect of that provision's scope. Allowing the withdrawal, by contrast, would allow the parties and the Court to consider whether the record evidence established that the Embry-Martins were in fact volunteers within the meaning of the policy when they served as foster parents.

The second requirement—prejudice—requires a showing of "special difficulties a party may face[,] caused by a sudden need to obtain evidence." *Kerry Steel, Inc. v. Paragon Indus., Inc.*, 106 F.3d 147, 154 (6th Cir. 1997) (quoting *Am. Auto. Ass'n v. AAA Legal Clinic of Jefferson Crooke, P.C.*, 930 F.2d 1117, 1120 (5th Cir. 1991)). This demands more than "simply that the party who initially obtained the admission will now have to convince the fact finder of its truth." *Id.* (quoting *Brook Village N. Ass'n v. Gen. Elec. Co.*, 686 F.2d 66, 70 (1st Cir. 1982)). Simply gesturing at the passage of time is insufficient, absent evidence of "special difficulties." *Siewertsen v.*

1

*Worthington Indus., Inc.*, 783 F. App'x 563, 569 (6th Cir. 2019). Philadelphia Indemnity opted not to explain how withdrawal would cause "special difficulties." Instead, it argued only that the Embry-Martins haven't shown why withdrawal would promote a determination on the merits, despite admitting that it bears the burden of establishing prejudice. *See* Response (DN 51) at 3–4 (contending that the Rule 36(b) "test" doesn't "require Philadelphia to show prejudice before the Embry-Martins meet the initial burden of showing why the merits of their case cannot be considered without a withdrawal or amendment of their admission.").

Under this standard, therefore, withdrawal of the Embry-Martins' admission at this juncture would "promote the presentation of the merits of the action" and wouldn't unduly prejudice Philadelphia Indemnity. FED. R. CIV. P. 36(b). So the Court grants the Embry-Martins' motion to withdraw their response to Philadelphia Indemnity's request for admission (DN 48).

Benjamin Beaton, District Judge
United States District Court

March 29, 2022